

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-82,875-01 and WR-82,875-02

### In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator

### ON MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION FROM CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT, FORT BEND COUNTY

*Per curiam.*

### O R D E R

We have before us a motion for leave to file a petition for writs of mandamus and/or prohibition, and if granted, a motion for a stay of the proceedings. We also have before us a petition for writs of mandamus and prohibition.

In May 2011, a jury convicted Albert James Turner (the real party in interest) of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court abated Turner's direct appeal and remanded the cause to

the trial court to determine whether it is feasible to conduct a retrospective competency trial, and if so, to conduct a retrospective competency trial. *Turner v. State,* 422 S.W.3d 676 (Tex. Crim. App. 2013). After the trial court determined feasibility and scheduled a retrospective competency trial, the trial court later decided instead to hold a jury trial on Turner's current competency to take place on March 16, 2015.[1] Relator filed a motion to reconsider that decision, which the trial court denied. Relator then filed the instant petition for mandamus and/or prohibition in this Court.

Before deciding whether to grant relator leave to file its petition, we believe the trial judge and respondent in the case below, the Honorable Brady G. Elliott, Judge of the 268th District Court, and the real party in interest, Albert James Turner, should have the opportunity to respond.

Within 30 days of the date of this order, Judge Elliott, or his representative, and a representative of the real party in interest, may file their respective responses in this Court. The jury trial to determine Turner's current competency is stayed pending further order of this Court.

IT IS SO ORDERED THIS THE 4TH DAY OF MARCH, 2015.

Do Not Publish

---

[1] There is some discrepancy in the record as to whether the current competency trial will take place on March 16 or March 17. In a hearing on February 3, the trial court stated that the current competency trial will take place on March 16. However, in its order denying the State's motion for reconsideration on February 13, the trial court stated that the current competency trial will take place on March 17.